IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :
:
v. : **CRIMINAL NO.: 1:CR-10-00062**
:
**EARL DeMANUEL McLEOD** :

## **M E M O R A N D U M**

On March 4, 2010, Earl McLeod was indicted on the charge of passing and attempting to pass counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472. Defendant was arraigned and pled not guilty to this charge on July 27, 2010. After multiple continuances, trial is set to begin on Monday, December 6, 2010. Four days prior to trial, on December 2, 2010, the United States filed a motion to admit evidence of events that occurred at a Rite Aid store in Lebanon, Pennsylvania on January 11, 2010. (Doc. 22.)

According to the United States' motion, it intends to offer evidence that the Defendant entered a Rite Aid store in Lebanon, Pennsylvania at approximately 4:59 p.m. on January 11, 2010, wearing a yellow hooded sweatshirt and jeans. The outfit is apparently identical to that which he was wearing when he was interviewed by the United States Secret Service on January 21, 2010. According to the Government, at approximately 5:11 p.m., the Defendant approached the counter and attempted to purchase baby lotion and another small item with what appeared to be $100 Federal Reserve Note. At this point, the clerk informed him that the store was not accepting $100 Federal Reserve Notes. The Defendant then allegedly patted

himself down and stated that he had more money in his car, he then left the store and did not come back.

The Government contends that this encounter is consistent with other incidents where the Defendant either did pass or attempted to pass what turned out to be counterfeit Federal Reserve Notes, and it seeks a ruling from the court that this evidence is admissible pursuant to Federal Rule of Evidence 402, as it is relevant evidence of Defendant's pattern and practice or modus operandi. The Government notes that this evidence is admissible because it meets the definition of relevant evidence as "any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Counsel for Defendant argues that she only learned about the Government's intention of using this evidence on or about December 1, 2010, and that notwithstanding that late notice, the Government cannot establish sufficient facts to reach the threshold of relevancy. For instance, counsel argues that the Government cannot establish that the bill Defendant attempted to pass at Rite Aid was counterfeit, and, thus, it is impossible to see how this makes it more likely that he possessed the requisite knowledge and intent during the other alleged incidents of passing counterfeit Federal Reserve Notes.

The court agrees with Defendant's counsel and will preclude the Government from using evidence. There is little in the facts proffered to allow the court to determine that because of this incident the other incidents are more or less probable. Since there is no conclusive evidence that the bill Defendant attempted to pass was counterfeit, the relevancy of this incident is far from certain. Even if

relevant, however, the incident is cumulative of other evidence that the Government has in this case, and counsel for Defendant was only very recently advised of the Government's intention of introducing it at trial. Both of these facts mitigate against its admission.

Accordingly, the court will deny the Government's motion and will preclude it from introducing any evidence concerning the events taking place at the Rite Aid store in Lebanon, Pennsylvania on January 11, 2010. An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: December 3, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :
:
:
v. : **CRIMINAL NO.: 1:CR-10-00062**
:
:
**EARL DeMANUEL McLEOD** :

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the United States' motion in limine to admit evidence of Defendant's conduct at Rite Aid in Lebanon, Pennsylvania on January 11, 2010, (Doc. 22), is **DENIED**, and the Government is precluded from introducing any evidence concerning these events at trial.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: December 3, 2010.